[674 NYS2d 375]

In the Matter of SIGRID P. STILES, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 26, 1998

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset (*Muriel L. Gennosa* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated October 22, 1997, which contained two charges of professional misconduct against her. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any reply to the Grievance Committee's motion.

Charge One alleged that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

On February 11, 1990, Anna Fricker died while a resident of the Dumont Masonic Nursing Home. Sandra Kayton, the decedent's grandniece, retained the respondent to represent the estate in the spring of 1992. There was no written retainer agreement between Ms. Kayton and the respondent with respect to the respondent's fee.

The Dumont Masonic Nursing Home commenced an administration proceeding against the estate in the Surrogate's Court, Westchester County, in or about 1992. The respondent represented Ms. Kayton in the Surrogate's Court proceeding which resulted in Ms. Kayton's appointment as administratrix on July 17, 1992. In December 1992, the respondent received a check from Ms. Kayton for legal fees and disbursements in the amount of $2,012.13. The respondent reviewed financial records and unsuccessfully attempted to locate life insurance that the decedent may have had. In February 1993, the respondent received another check from Ms. Kayton, in the amount of $1,002.90, towards her legal fees and disbursements.

The respondent represented the estate in the sale of real property in Richmond Hill, on or about January 1994. In or about July 1995, the respondent received a $2,269.22 check from Ms. Kayton towards her legal fees and disbursements.

The respondent prepared an affidavit of heirship, executed on September 19, 1995. An "Account of Administrator" was prepared and "Receipt and Release" forms were sent to the heirs. In or about July 1996, the respondent advised the complainant that all "Receipt and Release" forms were submitted and that the estate would be finalized. Nevertheless, the respondent failed to timely file the "Receipt and Release" forms and to take steps to finalize the estate.

For approximately seven months, Ms. Kayton made repeated inquiries to ascertain the status of her legal matter. The re-

spondent failed to reply. In April 1997, the respondent returned certain estate records to Ms. Kayton, along with a $2,000 check.

Charge Two alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of the complaint filed against her, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated March 19, 1997, the Grievance Committee sent the respondent a copy of the complaint and requested a written response within 15 days. The respondent failed to reply. By certified letter dated April 25, 1997, the Grievance Committee advised the respondent that her failure to cooperate with the Grievance Committee's investigation could, in and of itself, constitute professional misconduct. She was directed to submit a response within five days. The respondent still failed to reply. By certified letter dated May 21, 1997, the Grievance Committee advised the respondent that a motion to suspend her would follow if she failed to respond within five days. The respondent still failed to reply.

Based upon the evidence adduced and the respondent's failure to contest the allegations of the petition, the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's previously unblemished record and the fact that this disciplinary proceeding emanated from a single complaint rather than a pattern of misconduct. The respondent has advanced no mitigation beyond the brief references at the hearing and at her deposition to her medical problem and to her absences occasioned by her out-of-State traveling. Under the totality of circumstances, the respondent is publicly censured for her professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law, and is hereby censured for her professional misconduct.